1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7     UNITED STATES OF AMERICA,

8                          Plaintiff,          CASE NO. MJ 15-498

9            v.
                                              DETENTION ORDER
10     RYAN FRAZIER,

11                          Defendant.

12

13     <u>Offense charged in Complaint</u>:  Felon in Possession of Firearms

14     <u>Date of Detention Hearing</u>:  November 6, 2015.

15            The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and

16     based upon the factual findings and statement of reasons for detention hereafter set forth, finds

17     that no condition or combination of conditions which defendant can meet will reasonably assure

18     the appearance of defendant as required and the safety of other persons and the community.

19            <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

20            1.     While the offense charged in the Complaint is serious, the AUSA assigned to the

21     case indicates he believes the Grand Jury will soon indict defendant on additional and more

22     serious charges.  Specifically, he expects the indictment will include charges of possessing with

23     intent to distribute the methamphetamine and heroin defendant traded for the firearm as

DETENTION ORDER
PAGE - 1

1   described in the Complaint.  If defendant is in fact charged and convicted of these offenses, each

2   would carry a maximum sentence in excess of ten years of imprisonment.  In addition, the AUSA

3   asserts defendant will be charged with possession of a firearm in furtherance of a drug trafficking

4   offense.  Such an offense would carry a mandatory minimum sentence of five years, and a

5   maximum sentence of life.  These additional offenses have not even been charged, as yet.  They

6   therefore cannot create a rebuttable presumption of detention.  But the prospect of these charges

7   is relevant because, among other reasons, defendant would be likely to consider them in

8   determining whether to make his future court appearances, if released on conditions.

9          2.      Defendant has at least thirteen prior failures to appear on various other charges.

10  Bench warrants were issued on many of those occasions.

11         3.      Defendant has a prior felony conviction for burglary in the second degree.  He

12  was on active Department of Corrections supervision at the time he was negotiating to purchase

13  the firearm, as described in the complaint.  That supervision ended immediately before the

14  purchase of the firearm was consummated.

15         4.      Defendant was interviewed by law enforcement officers following his arrest.  The

16  officers reported that, after waiving his rights, defendant indicated he had been engaged in drug

17  dealing while on supervision, and was able to purchase pound quantities of drugs.  These facts

18  raise serious concerns both about defendant's dangerousness and his likelihood to comply with

19  supervised conditions, if released on bond in this case.

20         5.      Defendant therefore presents a danger to other persons and the community, and a

21  significant risk of non-appearance.  There are no conditions of release he can meet which would

22  adequately address these risks.

23  / / /

DETENTION ORDER
PAGE - 2

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Pretrial Services Officer.

DATED this 6th day of November, 2015.

s/ John L. Weinberg
United States Magistrate Judge

DETENTION ORDER
PAGE - 3